UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO.   8:05-cr-188-SDM-AEP
                                                     8:19-cv-1033-SDM-AEP

ANTONIO SAUL GONZALEZ
_____

### ORDER

Antonio Saul Gonzalez moves under 28 U.S.C. § 2255 to vacate his conviction and sentence for possession with intent to distribute fifty grams or more of cocaine base, for which he is imprisoned for fifty-seven months.

Gonzalez pleaded guilty, and the district court sentenced him to 240 months followed by 120 months of supervised release. (Crim. Doc. 36) The district court granted the United States' motion under Rule 35(b), Federal Rules of Criminal Procedure, to reduce the sentence for substantial assistance and reduced the sentence to 151 months of prison. (Crim. Doc. 52) The district court granted Gonzalez's motion under 18 U.S.C. § 3582(c)(2) to retroactively apply new sentencing guidelines for crack cocaine and further reduced the sentence to seventy-six months of prison. (Crim. Doc. 69)

After Gonzalez served his prison sentence and began serving his supervised release, an information charged Gonzalez with possession with intent to distribute five-hundred or more grams of cocaine, possession with intent to distribute twenty-

eight or more grams of cocaine base, and possession of a firearm in furtherance of a drug trafficking crime. *United States v. Gonzalez*, No. 8:18-cr-179-VMC-AEP (M.D. Fla.), ECF No. 1. Gonzalez pleaded guilty to the crimes and received a sentence of ninety-three months. 8:18-cr-179-VMC-AEP, ECF Nos. 3 and 29.

In this action, Gonzalez admitted violating the terms of supervised release by committing the three new crimes, by submitting three urine specimens that tested positive for the presence of cocaine, by submitting a fourth specimen that tested positive for the presence of cocaine and marijuana, by failing to truthfully respond to a question by a probation officer, and by failing to lawfully work. (Crim. Doc. 87)[1] Gonzalez faced a sentencing guideline range of forty-six to fifty-seven months. 8:18-cr-179-VMC-AEP, ECF No. 41 at 4. The United States recommended sixty months, the statutory maximum because of the serious nature of the violations and Gonzalez's lengthy criminal history. 8:18-cr-179-VMC-AEP, ECF No. 41 at 5–8. Because of Gonzalez's acceptance of responsibility and his recent cooperation with law enforcement, trial counsel asked for a sentence concurrent with the earlier ninety-three-month sentence. 8:18-cr-179-VMC-AEP, ECF No. 41 at 8–11.

The district court revoked supervised released, sentenced Gonzalez to fifty-seven months, and ordered the sentence consecutive to the earlier sentence. (Crim. Doc. 87) Gonzalez did not appeal and instead moves under Section 2255 for

---

[1] A transcript of the revocation hearing is docketed at Entry Number 41 in 8:19-cr-179-VMC-AEP.

relief.[2]  Gonzalez asserts that trial counsel was ineffective for not investigating his mental health, for not calling mental health experts to testify at the revocation hearing, and for not moving for either a downward departure or a downward variance based on his need for medical care.  (Doc. 1 at 3–8)

## I.   INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

"'[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'"  *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).  *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs an ineffective assistance of counsel claim and places a heavy burden on a defendant:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

"There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

---

[2] Before moving under Section 2255, Gonzalez moved under the First Step Act of 2018 for a sentence reduction. (Crim. Docs. 88 and 105) The district court denied the motion (Crim. Doc. 109), the court of appeals affirmed, and the U.S. Supreme Court vacated the appellate opinion and remanded for consideration of *Concepcion v. United States*, 142 S. Ct. 2389 (2022). *United States v. Gonzalez*, 9 F.4th 1327 (11th Cir. 2021), *vacated*, 142 S. Ct. 2900 (2022). The pending appeal does not deprive the district court jurisdiction over this collateral matter. *Weaver v. Fla. Power & Light, Co.*, 172 F.3d 771, 773 (11th Cir. 1999).

A defendant cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful. *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91.

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691. To meet this burden, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

## II.  GROUND ONE

Gonzalez asserts that trial counsel was ineffective for not investigating his mental health, for not calling mental health experts to testify at the revocation hearing about his need for medical care, and for not moving for either a downward departure or a downward variance based on his need for medical care.  (Doc. 1 at 3–8)  Attached to his motion are a psychiatric evaluation from Phoenix House, which is a drug addiction treatment center, and photographs of medication prescribed to him.  (Doc. 1-1)  The district court required as a condition of supervised release that Gonzalez participate in a drug treatment program.  (Crim. Doc. 36 at 4)  The evaluation states that Gonzalez reported that he suffered from anxiety after witnessing several murders in prison and that he continued to experience anxiety after his release from prison.  (Doc. 1-1 at 9)

**Failure to Investigate Mental Illness**

Gonzalez asserts that trial counsel was ineffective for not investigating his mental illness.  Attached to Gonzalez's motion is a cover letter by trial counsel requesting medical records from Phoenix House.  (Doc. 1-1 at 1)  The cover letter is dated March 2, 2018, six months before Gonzalez's revocation hearing on September 4, 2018.  (Crim. Doc. 87 and Doc. 1-1 at 1)  Trial counsel submitted with the cover letter a medical authorization signed by Gonzalez on February 6, 2018. (Doc. 1-1 at 2–4)  Phoenix House responded to trial counsel's request and disclosed the psychiatric evaluation.  (Doc. 1-1 at 5–11)  Gonzalez identifies no other documents that trial counsel should have discovered from further investigation.

Because the record demonstrates that trial counsel investigated Gonzalez's mental health and because "'[s]peculation is insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation,'" the claim is both refuted by the record and meritless. *Brownlee v. Haley*, 306 F.3d 1043, 1060 (11th Cir. 2002) (quoting *Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985)).

Also, the evaluation states that Gonzalez denied suffering from depression, suicidal or homicidal ideation, or psychosis. (Doc. 1-1 at 5) Gonzalez reported experiencing nightmares and feeling scared when his heart beats rapidly several times a day. (Doc. 1-1 at 5) He denied seeking treatment from a psychiatrist, taking medication, or suffering from a mental illness that required involuntary commitment. (Doc. 1-1 at 6) Also, trial counsel represented Gonzalez in the earlier criminal action.[3] (Crim. Doc. 87) The presentence report, filed in that case on June 21, 2018, more than two months before the revocation hearing in this action, states that Gonzalez "indicated that he has no problems with either his mental or emotional health and that he has never received mental health treatment." 8:18-cr-179-VMC-AEP, ECF No. 23 at 19.

Because Gonzalez denied suffering from mental illness and denied receiving treatment for mental illness, Gonzalez cannot demonstrate that no reasonable

---

[3] Gonzalez filed a Section 2255 motion in the other criminal action and raised a similar ineffective assistance of counsel claim. *Gonzalez v. United States*, No. 8:19-cv-756-VMC-AEP (M.D. Fla.), ECF No. 1. The district court denied the motion, and the court of appeals denied a certificate of appealability. 8:19-cv-756-VMC-AEP, ECF Nos. 8 and 12.

counsel would have failed to investigate his mental illness.  *Strickland*, 466 U.S. at 691 ("[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable."); *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) ("[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take.").

### Failure to Call Mental Health Experts

Gonzalez asserts that trial counsel should have called mental health experts to testify at the revocation hearing about his need for medical care.  Because he fails to identify an expert witness who was available to testify and fails to substantiate the testimony of that witness, the claim is both facially deficient and speculative. *McKiver v. Sec'y, Fla. Dep't Corrs.*, 991 F.3d 1357, 1365 (11th Cir. 2021) ("[W]e have held that a petitioner's own assertions about whether and how a witness would have testified are usually not enough to establish prejudice from the failure to interview or call that witness.") (citing *Sullivan v. DeLoach*, 459 F.3d 1097, 1109 (11th Cir. 2006)); *Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008) ("To prevail on such a claim, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense.") (citing *Alexander v. McCotter*, 775 F.2d 595, 602

(5th Cir. 1985)).

**Failure to Move for a Downward Departure**

Gonzalez asserts that trial counsel should have moved for a downward departure based on his need for mental health treatment and cites Amendment 738 to United States Sentencing Commission Guidelines.  (Doc. 1 at 5–8)  The amendment revised Note 6 of Section 5C1.1 with the following:

> There may be cases in which a departure from the sentencing options authorized for Zone C of the Sentencing Table (under which at least half the minimum term must be satisfied by imprisonment) to the sentencing options authorized for Zone B of the Sentencing Table (under which all or most of the minimum term may be satisfied by intermittent confinement, community confinement, or home detention instead of imprisonment) is appropriate to accomplish a specific treatment purpose. Such a departure should be considered only in cases where the court finds that (A) the defendant is an abuser of narcotics, other controlled substances, or alcohol, or suffers from a significant mental illness, and (B) the defendant's criminality is related to the treatment problem to be addressed.
>
> In determining whether such a departure is appropriate, the court should consider, among other things, (1) the likelihood that completion of the treatment program will successfully address the treatment problem, thereby reducing the risk to the public from further crimes of the defendant, and (2) whether imposition of less imprisonment than required by Zone C will increase the risk to the public from further crimes of the defendant.

Because Gonzalez violated the terms of supervised release, the zones in the Sentencing Table in Chapter Five did not apply at the revocation hearing.  The district court sentenced him based on the guideline range provided in the table in Section 7B1.4.  Even if the sentencing table in Chapter Five applied, Gonzalez's offense level of 25 and Criminal History Category V placed him in Zone D.  (Crim.

Doc. 66 at 3)  Because the revision in Amendment 738 offered Gonzalez no relief, trial counsel was not ineffective for failing to file a meritless motion based on the amendment.  *Pinkney v. Sec'y, Dep't Corrs.*, 876 F.3d 1290, 1297 (11th Cir. 2017) ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief.").[4]

### Failure to Move for a Downward Variance

Lastly, Gonzalez asserts that trial counsel should have requested a downward variance under 18 U.S.C. § 3553(a) based on his need for medical care and should have cited Amendment 738 as persuasive authority to justify the variance.  Because Gonzalez admitted violating the terms of supervised release by possessing crack cocaine and powder cocaine, by possessing a firearm, and by submitting four urine specimens which tested positive for the presence of cocaine, the district court's imposition of a term of imprisonment was mandatory under 18 U.S.C. § 3583(g). (Crim. Doc. 87)  "'[W]hen revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not *require* consideration of the Section 3553(a) factors.'"  *United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000), *abrogated on other grounds by Tapia v. United States*, 564 U.S. 319 (2011) (citation omitted) (italics in original).  Consequently, Gonzalez could not demonstrate a reasonable probability that the result of the revocation hearing would have changed if trial counsel had moved under Section 3553(a) for a downward variance.  *Strickland*, 466 U.S. at 694.

---

[4] Gonzalez also cites Section 5K2.13 (Doc. 1 at 5) but in his reply "maintains that Section 5K2.13 is not an issue in this case." (Doc. 10 at 2) Consequently, he abandoned his claim based on Section 5K2.13.

"Chapter 7 of the Sentencing Guidelines governs violations of probation and contains policy statements, one of which provides recommended ranges of imprisonment applicable upon revocation." *United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006). "While the district court is required to consider the policy statements, it is not bound by them." 443 F.3d at 799. "[U]pon determining that a defendant violated a condition of supervised release, the district court may revoke the term of supervision and impose a term of imprisonment after considering various factors set out in 18 U.S.C. § 3553(a)." *United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007) (citing *United States v. White*, 416 F.3d 1313, 1318 (11th Cir. 2005)). *See also* 18 U.S.C. § 3583(e)(3).

Section 3553(a)(2)(D) requires a district court, when imposing a sentence, to consider "the need for the sentence imposed — to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." However, Gonzalez neither identifies a doctor who treated him nor describes the treatment that the doctor determined was medically necessary. The report attached to his motion did not recommend treatment and reported that Gonzalez suffered only anxiety. (Doc. 1-1 at 5–9) Because Gonzalez does not demonstrate that a motion for a downward variance would have succeeded, trial counsel was not ineffective. *Pinkney*, 876 F.3d at 1297.

Gonzalez's advisory guideline range was forty-six to fifty-seven months based on a Criminal History Category V. 8:18-cr-179-VMC-AEP, ECF No. 41 at 4. At the revocation hearing, the prosecutor informed the district court that the probation

officer had administered thirty-five drug tests to Gonzalez, fifteen were inconclusive because the specimens were diluted and four revealed that Gonzalez violated the terms of his supervised release by abusing drugs.  8:18-cr-179-VMC-AEP, ECF No. 41 at 5.  Gonzalez lied to the probation officer for several months by falsely reporting that he enrolled and attended a vocational training program.  8:18-cr-179-VMC-AEP, ECF No. 41 at 6.  While on supervised release, Gonzalez fled from police during a traffic stop while possessing over twenty-eight grams of crack cocaine, over five-hundred grams of powder cocaine, and a loaded pistol.  8:18-cr-179-VMC-AEP, ECF No. 41 at 6.

At the revocation hearing, the prosecutor described Gonzalez's lengthy criminal history.  When Gonzalez was fifteen, a state court adjudicated him guilty of robbery and aggravated battery.  8:18-cr-179-VMC-AEP, ECF No. 41 at 7.  During the commission of those offenses, Gonzalez's accomplice shot one victim in the back and shot a second victim in the finger.  8:18-cr-179-VMC-AEP, ECF No. 41 at 7.  After his release from prison, Gonzalez committed more crimes, including fleeing and attempting to elude law enforcement, possessing cocaine, possessing drug paraphernalia, resisting arrest with violence, and resisting arrest without violence.  8:18-cr-179-VMC-AEP, ECF No. 41 at 7.

In mitigation, trial counsel informed the district court that Gonzalez promptly waived his right to an indictment for the new crimes, pleaded guilty, and cooperated with law enforcement.  8:18-cr-179-VMC-AEP, ECF No. 41 at 9.  Gonzalez's cooperation with a state prosecutor against an inmate in the jail where he was

pretrial detained resulted in the resolution of the inmate's criminal case.  8:18-cr-179-VMC-AEP, ECF No. 41 at 9.  Gonzalez provided information to a detective and an FBI agent about a homicide, provided information to a federal prosecutor about credit card fraud, and provided information to staff at the jail about an aggravated battery.  8:18-cr-179-VMC-AEP, ECF No. 41 at 9–10.  In the earlier action, the prosecutor moved under Section 5K1.1 for a reduction in the sentence because Gonzalez provided substantial assistance in a multi-defendant case.  8:18-cr-179-VMC-AEP, ECF No. 41 at 10.

Also, at the revocation hearing, Gonzalez described how serving time in prison affected his mental health, 8:18-cr-179-VMC-AEP, ECF No. 41 at 13:

| [Court:] | I will have to say, Mr. Gonzalez, that from my standpoint and I bet you from Ms. Gomez's and probably from a lot of other people's it looks to me like you do have a drug abuse problem that's causing, you know, your life to — causing you to lose a lot of things in life that you otherwise would have, not the least of which is your freedom. But you continue to say that you don't have a drug problem. |
|---|---|
| [Gonzalez:] | Well, I take psychological meds too. I was diagnosed with — Ms. Gomez had me see the doctor, so I was — with stress and anxiety, depression. You know, I was in the penitentiary when I was in prison, so I got to see a lot of people killed. As you know, you probably already know it's very violent. You know, I seen a grown man cry after being raped. It's a lot of things I experienced in there that, you know, when I got out I wasn't — I wasn't the same person, you know, mentally. You know, just it was pretty tough, Your Honor. So a lot of things I struggle with mentally. So, I take medication now and |

I was taking it on the streets too.

After hearing both aggravating and mitigating evidence, the district court provided the following reasons for the fifty-seven-month sentence, 8:18-cr-179-VMC-AEP, ECF No. 41 at 15–17:

[Court:]    Well, the guideline range is forty-six to fifty-seven. I look at this, Mr. Gonzalez, and, you know, I'm supposed to consider several things in addition to the guideline range, and I always do or try to, to the best of my ability, consider your record, which is not good; the nature of this offense, which is aggravated for the reasons the United States pointed out; consider your personal circumstances to the extent that they may be relevant; and then consider the objectives of sentencing, which include enhancing respect for the law, which is sort of flouted here, protecting the community, which might well be the principal concern here given the fact that you committed a similar felony while you were on supervision for a predecessor felony and involving firearms.

And that's just, you hear those two words together, certainly the well-being of the community, protecting those innocent persons near and around you has to be a principal consideration. And avoiding any unwarranted disparities, which means, of course, seeing to it that you get about the same sentence as a similarly situated person who commits a similarly — similar offense. Or, that is, that your sentence is similar to the group of similarly situated offenders. That's sometimes difficult to balance those things, but in this circumstance, you don't leave me much choice, Mr. Gonzalez. I can't think of a reason that — given these offenses that you shouldn't be sentenced, as the United States says, at the

- 13 -

> statutory maximum, but at least at the
> upper end of the applicable guideline
> range.
>
> I think that the — the guidelines, I don't
> think — they've changed them so many
> times I don't remember exactly what they
> now say on this topic, but at one time they
> said that I could consider the fact that
> someone had received a reduced sentence
> in assessing a penalty for a violation.
> I don't even need to get to that issue
> today, so — but a reasonable person
> looking at this circumstance might
> consider that.
>
> So pursuant to the Sentencing Reform Act
> of 1984, and to the extent that it's
> applicable after *United States v. Booker*, and
> pursuant to 18 U.S.C. [Section] 3553,
> I will enter an order committing you to
> the custody of the Bureau of Prisons for
> fifty-seven months.

"The court is not required to give all of the Section 3553(a) sentencing factors equal weight." *United States v. Howard*, 28 F.4th 180, 205 (11th Cir. 2022). "In its sound discretion, the court may give 'great weight to one factor over others,' but only if it is reasonable to do so." 28 F.4th at 205 (citation omitted). "And though the sentencing guidelines are only advisory, a major variance from the guidelines range 'should be supported by a more significant justification than a minor one,' and a court must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" 28 F.4th at 205 (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).

When weighing the sentencing factors, the district court placed great weight on the need for the sentence imposed "to protect the public from further crimes of the

defendant." 18 U.S.C. § 3553(a)(2)(C).  Gonzalez had a lengthy criminal history, had pleaded guilty to possession with intent to distribute fifty grams or more of cocaine base, and had violated the terms of his supervised release for that drug conviction by possessing more crack cocaine, possessing powder cocaine, and arming himself with a loaded pistol.  Given the aggravated nature of Gonzalez's violation and the lack of evidence proving his need for medical care, Gonzalez cannot demonstrate a reasonable probability that his need for medical care would have outweighed the need to protect the public to justify a downward variance. *Howard*, 28 F.4th at 205.  *See also Wong v. Belmontes*, 558 U.S. 15, 20 (2009).

Gonzalez's motion under Section 2255 to vacate, set aside, or correct his sentence is **DENIED**.  The clerk is directed to enter a judgment against Gonzalez, close this case, and enter a copy of this order in 8:05-cr-188-SDM-AEP.

### DENIAL OF CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Because Gonzalez fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  To appeal *in forma pauperis,* Gonzalez must obtain permission from the court of appeals.

ORDERED in Tampa, Florida, on September 23, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE